FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

97 MAR 24  AM 9: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

RONALD HOLLINGSHEAD, }
}
   Plaintiff, }
}
v. }   CASE NO. CV 96-B-1622-NW
}
TERRA INTERNATIONAL, INC., a }
Delaware corporation, DAVID }
NATHANIEL REID, }
}
   Defendants.

ENTERED

MAR 24 1997

## MEMORANDUM OPINION

This matter is before the court on the motion of plaintiff Ronald Hollingshead ("Hollingshead") to remand and to abstain ("motion to remand"), and on the motion of defendant David Nathaniel Reid ("Reid") to remand. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that these motions are due to be granted.

### I. FACTUAL SUMMARY

The facts relevant to this matter are straightforward and undisputed. On February 7, 1996, Hollingshead commenced an action in the Circuit Court of Colbert County, Alabama against defendant Reid and defendant Terra International, Inc. (Terra"). (Def. Reid's Mot. to Remand at ¶ 1). On April 26, 1996, Reid filed for relief under title 11 in the United States Bankruptcy Court for the Northern District of Alabama. (Def. Terra's Not. of Removal at ¶ 2). On May 16, 1996, Hollingshead filed a motion in the United States Bankruptcy Court seeking to lift the automatic stay so that he could pursue his claims against Reid in state court. (Def. Reid's Mot. to Remand 3).



After holding a hearing regarding Hollingshead's motion to lift the automatic stay, which was not opposed by Reid, the Bankruptcy Court entered an order on June 27, 1996, allowing Hollingshead to pursue his claims in state court. On or about June 19, 1996, defendant Terra filed a notice of removal, alleging that this court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. (Def. Terra's Not. of Removal at ¶ 4). On July 11, 1996, plaintiff filed the motion to remand presently before the court, and on July 19, 1996, defendant Reid followed suit with a similar motion to remand.

## DISCUSSION

"The key requirement for removal is that the claim be within the federal court's *original*, not necessarily exclusive, jurisdiction." *Alexander by Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217, 1220 (M.D. Ala. 1991). Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Thus, the court must determine whether plaintiff's claims arise under title 11, or arise in or are related to cases under title 11.

First, with respect to arising under, "Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *In re Wood*, 825 F. 2d 90, 96 (5th Cir. 1987) (footnote omitted). Second, "'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 97. Finally, "'[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an

effect on the estate being administered in bankruptcy.'" *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (citation omitted).

In the case at bar, plaintiff alleges that prior to the 1995 cotton growing season, he entered into an agreement with Reid under which plaintiff obligated himself to pick Reid's cotton for the price of $40.00 per acre. (Compl. at ¶ 1). At the time plaintiff and Reid entered into this agreement, Reid was allegedly indebted to Terra, and Terra possessed rights in the growing crops of Reid. (*Id.* at ¶ 2). After Reid advised Terra that he did not have the money with which to pay to have the cotton picked, Terra, by and through its agents, servants, and employees, allegedly told Reid to tell plaintiff that it would be responsible for paying plaintiff to pick the cotton. (*Id.* at ¶¶ 3 & 4). Thereafter, plaintiff proceeded to pick the cotton on 1,300 acres; plaintiff maintains that he is still owed $52,000 for picking the cotton. (*Id.* at ¶ 5).

Plaintiff's complaint delineates the following counts against both defendants: "(I) fraud; (II) lien; (III) outrage; and (IV) contract." In the opinion of the court, these claims do not "arise under" title 11 or "arise in" a case under title 11, but are, instead, related to bankruptcy because they could have a conceivable effect on Reid's bankruptcy estate. Despite being related to bankruptcy, however, none of plaintiff's claims were created or determined by bankruptcy law, and therefore, do not arise under title 11. Furthermore, each claim exists outside of bankruptcy, and it cannot be said that "but for" bankruptcy, plaintiff's claims would not exist. *See Walker v. Commercial Credit Corp.*, 192 B.R. 260, 267 (M.D. Ala. 1996)(stating that "for a case to be considered a core proceeding, the case would not exist 'but for' bankruptcy.") Indeed, even without bankruptcy law, plaintiff would be able to pursue his

3

state law claims against defendants. Although the court's holding that plaintiff's state law claims are related to title 11 confers jurisdiction on this court, plaintiff and defendant Reid argue that this case should be remanded pursuant to 28 U.S.C. § 1334(c)(2), the mandatory abstention provision, which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction of this section, the district court *shall* abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Hence, if the requirements of § 1334(c)(2) are satisfied, the use of the word "*shall*" in § 1334(c)(2) makes it abundantly clear that abstention is mandatory; there is no discretion. After reviewing the facts of this case, the court concludes that the requirements of § 1334(c)(2) have been satisfied.

First, plaintiff filed a timely motion to remand. Second, plaintiff's claims are premised upon state law and could not have been brought in federal court but for 28 U.S.C. § 1334(b). Third, plaintiff's suit was filed in the Circuit Court of Colbert County, Alabama, and there is no evidence that the state court would be an inappropriate forum for the resolution of plaintiff's claims, or that such claims will not be adjudicated in a timely manner. Consequently, because this case does not arise under title 11 or arise in a case under title 11, and because all of the other elements of § 1334(c)(2) have been satisfied, this case must be remanded to the state court from which it was removed.

4

## CONCLUSION

Based on the foregoing analysis, the court holds that plaintiff's motion to remand and defendant Reid's motion to remand are due to be granted. An order granting both of these motions shall be entered contemporaneously herewith.

DONE this 24th day of March, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge